1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10
11
12

JOSEFINA AMARAL,

Case No.  CV 16-01122-RAO

Plaintiff,

13
14

v.

**MEMORANDUM  OPINION  AND
ORDER**

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

15
16

Defendant.

17
18

I.     **INTRODUCTION**

19
20

Plaintiff Josefina Amaral ("Plaintiff") challenges the Commissioner's[1] denial

of her application for a period of disability and disability insurance benefits

21

("DIB") and supplemental security income ("SSI").  For the reasons stated below,

22

the decision of the Commissioner is **REVERSED**.

23

II.    **PROCEEDINGS BELOW**

24

On May 10, 2012, Plaintiff applied for DIB and SSI, alleging onset of

25

disability on November 15, 2011.   (Administrative Record ("AR") 303).   Her

26
27
28

[1]  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A.
Berryhill, the current Acting Commissioner of Social Security, is hereby substituted
as the defendant herein.

application was denied on initial review, and upon reconsideration, after which Plaintiff requested a hearing before an administrative law judge ("ALJ"). (*Id*. at 136, 143, 148-49.) On October 8, 2014, the ALJ held a hearing. (*Id*. at 45.) Plaintiff testified through the use of a Spanish-language interpreter and was represented by counsel. (*Id*. at 45-76.) An impartial medical expert and vocational expert also testified. (*Id*. at 53-60; 69-76.) On December 16, 2014, the ALJ found that Plaintiff had not been under a disability, pursuant to the Social Security Act,[2] from the alleged onset date through the decision date. (*Id*. at 37.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (*Id*. at 1-2.) Plaintiff filed this action on June 17, 2016. (Dkt. No. 1.)

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 15, 2011, the alleged onset date ("AOD"). (AR 26.) At **step two**, the ALJ found that Plaintiff has the severe impairments of anxiety disorder; major depressive disorder with psychotic features; bipolar disorder; osteoarthritis (OA) of right knee; mild scoliosis thoracic spine; degenerative posterior horn medial meniscus; chondromalacia medial compartment right knee; generalized tenderness of entire foot; large disc herniation at C5-6 level; and advanced neuroforaminal stenosis at C5-6; mild spondylolisthesis; moderate degenerative joint disease (DJD) both knees; mild to moderate degenerative disc disease (DDD) of C5-6 levels; congenital canal spinal stenosis with disc bulges of lumbar spine; and obesity. (*Id*.) At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically

---

[2] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id*. at 27-29.)

Before proceeding to step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

> Perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). Specifically, she can lift/carry 10 pounds frequently and 20 pounds occasionally; stand/walk six hours in an eight-hour workday; sit six hours in an eight-hour workday; with the ability to stand and stretch every hour estimated to take 1-3 minutes per hour; frequently climb stairs; no ladders, ropes or scaffolds; occasionally stoop, bend, and crouch; no crawling and kneeling; no unprotected heights; no concentrated exposure to vibration; occasional operating motorized and moving machinery; and occasional foot pedals with right lower extremity and no limitations with the left. She is limited to simple tasks with a reasoning level of three or below; and no fast paced work such as rapid assembly line work.

(AR 29.)

At **step four**, based on Plaintiff's RFC and the VE's opinion, the ALJ found that Plaintiff is unable to perform any past relevant work. (AR 36.) At **step five**, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id*. at 35, 37.) Accordingly, the ALJ found that Plaintiff "has not been under a disability . . . from November 15, 2011, through the date of [the ALJ's] decision." (*Id*. at 37.)

## III. <u>STANDARD OF REVIEW</u>

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence, and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion."

*Lingenfelter v. Astrue,* 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006)).  An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence.  Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotations omitted).  "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see also Robbins,* 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ.").  The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003)).

## IV.  **DISCUSSION**

Plaintiff contends that the ALJ:  (1) failed to provide reasons supported by substantial evidence for rejecting the opinions of treating physicians Dr. Porat and Dr. Lopez and of orthopedic medical expert Dr. Lorber; and  (2) erred in her credibility determination of Plaintiff.  (Joint Stipulation ("Joint Stip.") at 5, 17.) The Court addresses the second claim first.

### A.  **The ALJ Erred In Evaluating Plaintiff's Subjective Complaints**

### 1.  **Plaintiff's Testimony**

At the administrative hearing on October 8, 2014, Plaintiff testified that she last worked in 2010 as a machine operator printing t-shirts.  (AR 47.)   Plaintiff

4

testified that she was laid off from that job because of her psychiatric problems, nerves, and pain. (*Id*. at 48.)

Describing her psychiatric problems, Plaintiff testified that she felt claustrophobic at work and would leave the physical premises of her job; that she didn't want to talk to other people and didn't want them talking to her; and that she would cry. (AR 64.) Plaintiff described having anxiety attacks weekly. (*Id*. at 66.) She also testified that she used to see her psychiatrist regularly, but stopped when she lost Medical. (*Id*.) After recently regaining Medical, Plaintiff resumed seeing her doctor. (*Id*.)

With respect to her knee pain, Plaintiff testified that she had problems with her knees when she stood for a long time. (AR 60.) When she walked, she needed to hold onto something. (*Id*.) She stated that she had pain in her knees whenever she moved a lot; she could walk for about half an hour and then had to stop. (*Id*. at 61.) She also described pain in her shoulder, right arm, and described her osteoarthritis. (*Id*. at 62.) Plaintiff stated that she took the pain medication Norco. (*Id*. at 62-63.) She also testified that she had received injections to help with her pain and that the injections helped "a little bit." (*Id*. at 68.)

Describing her daily activities, Plaintiff testified that she went to church, took short walks, watched her infant grandson several times, washed clothes, drove, and went to the store (AR 49, 50-51, 61).

## 2. Applicable Legal Standards

"In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citing *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Treichler v. Comm'r of Soc. Sec. Admin*., 775 F.3d 1090, 1102 (9th Cir. 2014) (quoting

5

*Lingenfelter*, 504 F.3d at 1036) (internal quotation marks omitted). If so, and if the ALJ does not find evidence of malingering, the ALJ must provide specific, clear and convincing reasons for rejecting a claimant's testimony regarding the severity of his symptoms. *Id.* The ALJ must identify what testimony was found not credible and explain what evidence undermines that testimony. *Holohan*, 246 F.3d at 1208. "General findings are insufficient." *Lester*, 81 F.3d at 834.

### 3. Discussion

"After careful consideration of the evidence," the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms;" but found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (AR 2-30.) The ALJ relied on the following reasons: (1) Plaintiff's receipt of unemployment benefits after the alleged onset date; (2) inconsistencies between Plaintiff's testimony and the record; (3) Plaintiff's activities of daily living; and (4) lack of supporting objective evidence. (AR 31-33.)

### a. Reason No. 1: Receipt of Unemployment Benefits

The ALJ noted that Plaintiff "became unable to work due to her condition since November 2011, yet she received unemployment benefits, which required [her] to certify she was willing and able to engage in work activity." (AR 32.)

Plaintiff contends that this reason is not clear and convincing because the record fails to establish whether Plaintiff certified on her unemployment forms that she was available for full-time or part-time work, citing to *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161-62 (9th Cir. 2007) (holding that ALJ errs in concluding receipt of unemployment benefits undermines a claimant's credibility where record does not establish whether claimant "held himself out as available for full-time or part-time work"). The transcript of the administrative hearing contains the following exchange between the ALJ and

Plaintiff:

> Q: So when you applied for unemployment, you signed the form saying you were willing and able to work full-time?
>
> A: When I signed the forms for unemployment, I couldn't work.
>
> Q: But you still signed the form saying you were willing and able to work?
>
> A: It was a necessity that I had to do that. I was under those conditions where I needed to work and I had to find a job. It was impossible for me during that time. And I continued to take my medicine and it became impossible. After that, I applied for disability. That's what my doctor told me. The disability finished and I appealed it, and the judge said no, that the disability had ended and that was it. And that she had to come to the Social Security office.

*Id.* at 49-50.

The Court finds that Plaintiff's statements do not establish that Plaintiff certified that she was available to work full-time in connection with her unemployment application. Further, the administrative record does not contain Plaintiff's unemployment benefits application to resolve the issue. Thus the Court concludes that the record is insufficient to establish that Plaintiff "held herself out as available for full-time" work.

Accordingly, the Court finds that is not a clear and convincing reason for discounting Plaintiff's credibility.

///

///

### b. Reason No. 2: Inconsistent Statements

The ALJ noted inconsistencies between Plaintiff's testimony and the record. For example, a treatment note in July 2012 indicated that Plaintiff "was still able to do light activities without pain." (AR 32.) Additionally, at the hearing Plaintiff testified that she only had an 8th grade education, but her social security disability application stated that Plaintiff had an 11th grade education. (*Id.*) Plaintiff subsequently acknowledged that she had an 11th grade education at the hearing. (*Id.*) Additionally, while Plaintiff "complained of pain in the knees, back, knee and shoulder, she testified at the hearing that she had no problems driving a car and she lived in a second story apartment with her family." (*Id.*) The ALJ found that "these inconsistencies further diminish [Plaintiff's] credibility." (*Id.*)

With respect to living in a two-story apartment, Plaintiff testified that she lived on the "bottom" floor of a two-story apartment. Thus, the Court finds this purported inconsistency not a clear and convincing reason.

With respect to Plaintiff's attained education level, any inconsistency that does exist is minor and non-material. *See Gonzalez v. Astrue*, 253 F. App'x 654, 655 (9th Cir. 2007) (inconsistencies related to claimant's education were minor and non-material.)

With respect to the July 2012 treatment note, the Court does not find this to be a clear and convincing reason. While the July 2012 note reported that Plaintiff could do light activities, a treatment note in November 2012, stated that Plaintiff's low back pain was "incapacitating" (AR 403) and a note in September 2012 reported that Plaintiff is in "distress secondary to pain." (AR 398.) An ALJ may not "cherry pick" only those portions of the record which support finding an inconsistency, while disregarding those that support the Plaintiff's testimony. *Ghanim*, 763 F.3d at 1164.

With respect to Plaintiff's testimony that she had no problem driving a car, a review of the record demonstrates that an inconsistency does exist. Specifically,

Plaintiff testified at the hearing that she drove and had no problems driving (AR 51), but the record showed that in March, April, and June 2014, she reported to Dr. Chan that her pain (in her "neck, low back elbows, and knee pain") was aggravated by driving (AR 576, 579, 581). This is a clear and convincing reason. However, as the Ninth Circuit has recently held, "[a] single discrepancy fails, …, to justify the wholesale dismissal of a claimant's testimony." *Popa v. Berryhill*, -- F.3d --, 2017 WL 4160041, at *5 (9th Cir. Sept. 20, 2017). Accordingly, the Court concludes that the inconsistencies noted by the ALJ in Plaintiff's testimony are not a clear and convincing reason for discrediting her testimony.

### c. Reason No. 3: Activities of Daily Living

The ALJ noted that "the scope of [Plaintiff's] activities of daily living further undermines the credibility of her allegations." (AR 32.) "It was reported that she could manage transportation, manage funds and pay bills, and was able to cook, shop and do housekeeping. She took care of her own grooming and hygiene, she took short walks, and she got along with family and neighbors. She was able to focus attention during her consultative psychiatric evaluation, she did not have cognitive problems completing household tasks, and she could follow simple oral and written instructions. Her daughter also reported that [Plaintiff] enjoyed cooking, and she was able to do household activities but slowly." (*Id*. at 32-33.)

Inconsistencies between symptom allegations and daily activities may act as a clear and convincing reason to discount a claimant's credibility, *see Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991), but a claimant need not be utterly incapacitated to obtain benefits. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The fact that Plaintiff carried on limited daily activities such as cooking, shopping, self-grooming, taking short walks, and that she got along with her family and neighbors, does not detract from her overall credibility. The record does not show that these activities consumed a substantial part of Plaintiff's day, nor did the ALJ provide support for her finding.

*See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001). Further, the mere ability to perform some daily activities is not necessarily indicative of an ability to perform work activities because "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair*, 885 F.2d at 603; *see also Molina*, 674 F.3d at 1112-13 (the ALJ may discredit a claimant who "participat[es] in everyday activities indicating capacities that are transferable to a work setting"). The critical difference between such activities "and activities in a full-time job are that a person has more flexibility in scheduling the former . . . , can get help from other persons . . . , and is not held to a minimum standard of performance, as she would be by an employer." *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012) (cited with approval in *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014)).

### d. Reason No. 4: Lack of Supporting Objective Evidence

The remaining reason for discounting Plaintiff's subjective testimony – lack of supporting objective evidence – cannot form the sole basis for discounting pain testimony. *See Burch*, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.").

As the above discussion explains, the majority of the bases for the ALJ discrediting Plaintiff's testimony were legally or factually insufficient. Accordingly, the Court finds that the ALJ's decision on the issue of Plaintiff's credibility lacks substantial evidence and (as discussed below) that remand is warranted on this issue.

### B. Plaintiff's Other Argument

Having found that remand is warranted, the Court declines to address Plaintiff's remaining argument that the ALJ failed to provide reasons supported by substantial evidence for rejecting the opinions of treating physicians Dr. Porat and Dr. Lopez and of orthopedic medical expert Dr. Lorber. *Hiler v. Astrue*, 687 F.3d

1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

## C.     Remand For Further Administrative Proceedings

Because further administrative review could remedy the ALJ's errors, remand for further administrative proceedings, rather than an award of benefits, is warranted here.  *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (remanding for an award of benefits is appropriate in rare circumstances).  Before ordering remand for an award of benefits, three requirements must be met:  (1) the Court must conclude that the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the Court must conclude that the record has been fully developed and further administrative proceedings would serve no useful purpose; and (3) the Court must conclude that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.  *Id.* (citations omitted).  Even if all three requirements are met, the Court retains flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."  *Id.* (citation omitted).

Here, remand for further administrative proceedings is appropriate.  On remand, the ALJ shall (1) reassess Plaintiff's subjective allegations in light of the Court's ruling; and (2) reassess the opinions of treating physicians Dr. Porat and Dr. Lopez and of orthopedic medical expert Dr. Lorber in light of the arguments raised in Plaintiff's appeal, and proceed through steps four and five to determine what work, if any, Plaintiff is capable of performing.

///

## V. CONCLUSION

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: September 29, 2017

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

### NOTICE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**