UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEFINA AMARAL,<br><br>            Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Operations of Social Security,<br><br>            Defendant. | Case No. SA CV 16-CV-01122-RAO<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES, PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT |

**I.**     <u>**INTRODUCTION**</u>

Before the Court are Plaintiff Josefina Amaral's ("Plaintiff's") Motion for Attorney's Fees Under the Equal Access to Justice Act ("Motion"), the Commissioner's Opposition to Plaintiff's Motion ("Opposition"), and Plaintiff's Reply. (Dkt. Nos. 18- 20, 23, 25.)

///

///

## II. PROCEEDINGS

On June 17, 2016, Plaintiff filed a complaint challenging the final decision of the Commissioner of Social Security denying her claim for disability insurance benefits. (Dkt. No. 1.) The Commissioner filed an Answer on November 17, 2017. (Dkt. No. 13.) The parties filed their Joint Stipulation on February 9, 2017. (Dkt. No. 15.)

On September 29, 2017, this Court entered judgment in favor of Plaintiff and remanded the case for further administrative proceedings. (Dkt. Nos. 16, 17.) On December 26, 2017, Plaintiff filed the instant Motion requesting attorney's fees and costs under the Equal Access to Justice Act ("EAJA"). (Dkt. Nos. 18- 20.) On January 8, 2018, the Commissioner filed its Opposition. (Dkt. No. 23.) In the Opposition, the Commissioner contends that the ALJ's decision was substantially justified, as was the Commissioner's defense of that decision. (*Id.* at 2.)

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.

For the reasons stated below, Plaintiff's Motion is **GRANTED**.

## III. LEGAL STANDARD

EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001); *see Hill v. Colvin*, No. CV 14-05770-DFM, 2016 WL 868148, at *1-2 (C.D. Cal. Mar. 4, 2016).

"Substantial justification means justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person. Put differently, the government's position must have a reasonable basis both in law and fact." *Meier v.*

1 | *Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (citation omitted) (internal quotation
2 | marks omitted) (quoting *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S. Ct. 2541,
3 | 101 L. Ed. 2d 490 (1988)); *see Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir.
4 | 2002) (the Commissioner's position is "substantially justified" when it meets "the
5 | traditional reasonableness standard" (citing *Pierce*, 487 U.S. at 565)).

"The 'position of the United States' includes both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier*, 727 F.3d at 870; *see* 28 U.S.C. § 2412(d)(2)(D) (stating that "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based"); *Campbell v. Astrue*, 736 F.3d 867, 868 (9th Cir. 2013) (stating that the government has the "burden to demonstrate that both its litigation position and the agency decision on review were 'substantially justified'").

## IV. DISCUSSION

### A. Plaintiff Is Entitled To Attorney Fees Under EAJA

The Commissioner does not dispute that Plaintiff is a "prevailing party" under EAJA,[1] but the Commissioner argues that Plaintiff is nevertheless not entitled to fees.

The Commissioner first notes that Plaintiff is not entitled to fees under EAJA merely because Plaintiff prevailed before this Court, and that there is no presumption of fees in favor of a prevailing party under EAJA. (Opp'n at 2, Dkt. No. 23.) EAJA provides that "a court *shall* award [fees] to a prevailing

---

[1] "A plaintiff who obtains a sentence four remand [in a Social Security appeal] is considered a prevailing party for purposes of attorneys' fees. This is so even when the case has been remanded for further administrative action." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citation omitted) (citing *Shalala v. Schaefer*, 509 U.S. 292, 297-98, 301-02, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993)). A party is deemed prevailing upon obtaining remand "regardless of whether disability benefits ultimately are awarded." *Gutierrez*, 274 F.3d at 1257; *see Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995).

party . . . *unless* the court finds" that an exception applies. *See* 28 U.S.C. § 2412(d)(1)(A) (emphasis added). The Ninth Circuit and other courts in this circuit have at times stated that EAJA *does* give rise to a presumption that attorney fees will be awarded to a prevailing party. *See Flores*, 49 F.3d at 567 ("The EAJA creates a presumption that fees will be awarded to prevailing parties. However, Congress did not intend fee shifting to be mandatory."); *Clark v. Busey*, 959 F.2d 808, 810-11 (9th Cir. 1992) ("Once jurisdiction is established, the prevailing party's entitlement to an award under the EAJA is presumed, unless the government's position in the challenged conduct and in the litigation itself is 'substantially justified.'" (citing *Thomas v. Petersen*, 841 F.2d 332, 335 (9th Cir. 1988))); *Poole v. Rourke*, 779 F. Supp. 1546, 1562 (E.D. Cal. 1991) ("Under EAJA there is a rebuttable presumption that a prevailing party in litigation against the government is entitled to fees. The government can rebut the presumption by demonstrating that its position was substantially justified."). On the other hand, in *Kali v. Bowen*, cited by the Commissioner, the Ninth Circuit stated: "The government has the burden of demonstrating that its position was substantially justified. The government's failure to prevail does not raise a presumption that its position was not substantially justified." 854 F.2d 329, 332 (9th Cir. 1988) (citation omitted). The Court notes that *Kali* was decided prior to *Flores* and *Clark*; however, none of these cases has been overruled.

      The Commissioner contends that fees are not warranted because the ALJ's decision and the Commissioner's positions were substantially justified.[2] (Opp'n at 2-6.) Despite the lack of clarity as to the existence of a presumption in favor of awarding fees, it is firmly established that "[i]t is the government's burden to show that its position was substantially justified." *Meier*, 727 F.3d at 870; *see Gutierrez*, 274 F.3d at 1258; *Kali*, 854 F.2d at 332. Thus, regardless of whether one may

---

[2] The Commissioner does not contend that "special circumstances make an award unjust." *See* 28 U.S.C. § 2412(d)(1)(A).

4

accurately speak of a presumption, it falls to the Commissioner to persuade the Court that fees are not warranted in this case.

The burden, if not more difficult to meet, is at least more rarely met in cases where the court has held that the government's action was not supported by substantial evidence. This is due to the standards of review used by the court in reviewing the decisions of the Commissioner of Social Security and in ruling on an EAJA fees motion. Because of the "significant similarity" between the "substantial evidence" standard (which is used to review the ALJ's decision in a Social Security case) and the "substantial justification" standard (which is used to analyze EAJA fees motions), a court's determination that the underlying agency decision was not supported by substantial evidence strongly indicates that the same underlying agency decision was not substantially justified. *Meier*, 727 F.3d at 872 (citing *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2004); *Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988)). "Indeed, it will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Thangaraja*, 428 F.3d at 874 (internal quotation marks omitted) (quoting *Al-Harbi v. INS*, 284 F.3d 1080, 1085 (9th Cir. 2002)). Although the Ninth Circuit "has never stated that *every* time [a] court reverses and remands the ALJ's decision for lack of substantial evidence the claimant should be awarded attorney's fees," it has explained that such a finding by the court "is a strong indication that the position of the United States is not substantially justified. *Campbell*, 736 F.3d at 869; *see id.* (finding that "[t]he instant case is one of the '*unusual*' cases where attorneys' fees should not be awarded under the EAJA" (emphasis added)).

As noted above, to avoid having to pay EAJA fees, the government must have been substantially justified both in its underlying agency action *and* in its position during subsequent litigation. 28 U.S.C. § 2412(d)(2)(D); *Campbell*, 736

5

F.3d at 868; *Meier*, 727 F.3d at 870. If a court determines that the underlying agency action was not substantially justified, then it need not address whether the government's position in litigation was substantially justified.[3] *See Meier*, 727 F.3d at 872.

Here, the Court found that the ALJ provided legally or factually insufficient bases for discrediting Plaintiff's testimony. (Dkt. No. 16 at 4-10.) The Court found that Plaintiff's testimony regarding her unemployment application did not establish that she certified her ability to work full time. (*Id.* at 7.) The Court then analyzed Plaintiff's statements that the ALJ identified as inconsistent, finding that most purported inconsistencies were not clear and convincing reasons to discredit Plaintiff's testimony. (*Id.* at 8-9.) Specifically, the Court noted that, although the ALJ found that Plaintiff's complaints of knee and back pain were inconsistent with her living in a second story apartment, Plaintiff had testified that she lived on the "bottom" floor of a two-story apartment. (*Id.* at 8.) The Court found that the inconsistency regarding Plaintiff's claimed educational level was "minor and non-material." (*Id.*) The Court also determined that the ALJ selectively identified one treatment record that noted that Plaintiff could function without pain and disregarded other records that supported Plaintiff's testimony of severe pain. (*Id.*) Although the Court found that one inconsistency—Plaintiff's statements related to pain while driving—did indeed present a clear and convincing reason, the Court noted that a single discrepancy is insufficient to wholly dismiss Plaintiff's testimony. (*Id.* at 9.) The Court also found that Plaintiff's reported daily activities

---

[3] The Ninth Circuit has stated that "[i]t is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying administrative decision would not." *Flores*, 49 F.3d at 570 n.11; *see also Meier*, 727 F.3d at 873 ("Given the serious flaws in the ALJ's analysis, we are not persuaded that the government reasonably chose to defend the ALJ's decision in this action."). Nonetheless, the court need not address whether the government's position in litigation was substantially justified if it finds that the underlying agency action was not substantially justified.

6

did not present a clear and convincing reason because the record did not indicate that Plaintiff's activities "consumed a substantial part of Plaintiff's day, nor did the ALJ provide support for her finding." (*Id.*) Finally, after finding that "the majority of the bases for the ALJ discrediting Plaintiff's testimony were legally or factually insufficient," the Court noted that the ALJ's remaining reason—lack of supporting objective evidence—could not form the sole basis for discrediting Plaintiff. (*Id.* at 10.)

In its Opposition to the Motion, the Commissioner argues that the ALJ's decision was substantially justified. (Opp'n at 3-5.) The Commissioner contends that it was reasonable for the ALJ to consider Plaintiff's testimony regarding her unemployment application, her inconsistent statements about her education level (which the Commissioner agrees were "minor and non-material" (*id.* at 5)), her reported daily activities, and the objective medical evidence. (*Id.* at 4-6.) Defendant also offers cases that "primarily turned on the fact that the ALJ had failed to address or had completely ignored certain evidence" as contrasting examples of instances where the "substantially justified" defense has failed. (Opp'n at 4 & n.3.) But even if an ALJ has not completely ignored evidence, her decision still may not be substantially justified if the decision is not supported by substantial evidence. *See Meier*, 727 F.3d at 872 (holding that the government's position was not substantially justified because, in part, the ALJ failed to provide clear and convincing reasons, supported by substantial evidence, for discounting the claimant's testimony); *Shafer v. Astrue*, 518 F.3d 1067, 1072 (9th Cir. 2008) (same).

The Commissioner has not suggested any reason why the present case is one of the "unusual" ones where EAJA fees should be denied despite the Court's finding that the ALJ's determination was not supported by substantial evidence. *See Campbell*, 736 F.3d at 869. In *Campbell*, which the Ninth Circuit found was such a case, the ALJ was forced to make a disability determination for a particular

7

point in the past but had no medical records from that time. Instead, the ALJ had only records from years prior and years subsequent. *Id.* at 868-69. The ALJ thus was put in an uncommon position, forced to extrapolate from limited data. The Ninth Circuit declined to find the ALJ's actions unjustified in such abnormal circumstances. By contrast, here, nothing suggests that this case was anything but routine from the perspective of the ALJ.

Thus, the Court concludes that the Commissioner has not satisfied its burden of establishing that the ALJ's action in denying Plaintiff's claim for benefits was substantially justified. Because the underlying agency action has been found to lack substantial justification, the Court need not address whether the Commissioner's litigation positions were substantially justified.

**B.     Plaintiff's Requested Fees Award Is Reasonable**

Under EAJA, any fees that are to be awarded to a prevailing party must be "reasonable." *See* 28 U.S.C. § 2412(d)(1)(B); *see also Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) (holding that a court can use its discretion to evaluate the reasonableness of the number of hours claimed by a prevailing party). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). However, a court should exclude from this calculation any hours that were not reasonably expended. *Id.* The court may then adjust a fee award upward or downward depending on other factors. *See id.* at 434.

Plaintiff seeks fees for a total of 23.1 hours spent by her attorney, representing time spent, *inter alia*, drafting the Joint Submission and the Motion for EAJA fees. (Mot. at 4-5, Dkt. No. 20; *see* Dkt. No. 19 at 3.) Plaintiff references the EAJA statutory maximum rates and asserts that her attorneys' fees are based on rates of $192.68 for 2016 and $195.95 for 2017. (Mot. at 4.) The fees award requested in the Motion is $4,466.94. (*Id.*) In her Reply, Plaintiff notes that at the

time that the Motion was filed, the new hourly rate for all of 2017 had not yet been published. (Reply at 7 n.1.) Following the publication of the new hourly rate for the entirety of 2017, Plaintiff revises her request to reflect 18.2 hours in 2016 at a rate of $192.68, and 4.9 hours in 2017 at a rate of $196.79, for a total fees award of $4,471.05. (*See id.*)

At the outset, the Court notes that the total number of hours appears reasonable, as it is within the range typically accepted by courts. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (noting that 20 to 40 hours is the range most often granted in social security cases); *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1215 n.2 (C.D. Cal. 2000) (noting that that "courts generally approve time expenditures of between 30 and 40 hours in social security disability cases, though courts had approved as few as 22 hours and others had approved as many as 45" (citing *Russell v. Sullivan*, 930 F.2d 1443, 1445 (9th Cir. 1991))). Additionally, the hourly attorney rates offered by Plaintiff appear reasonable, as they do not exceed the EAJA statutory maximum rates. *See Statutory Maximum Rates Under the Equal Access to Justice Act*, U.S. Courts for the Ninth Circuit, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited Apr. 27, 2018). The Commissioner does not dispute the reasonableness of the hours spent or the hourly rate that the Motion seeks. Thus, the Court finds Plaintiff's request for fees corresponding to 23.1 hours of attorney time is not unreasonable. Accordingly, Plaintiff is entitled to $4,471.05 in fees for this time.

Plaintiff's Reply adds a request for fees on the basis of 4.9 hours spent preparing Plaintiff's Reply. (Reply at 7.) A prevailing party is entitled to recover fees under EAJA for efforts in litigating the fees dispute. *See Comm'r, INS v. Jean*, 496 U.S. 154, 158-62, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990); *see also Love v. Reilly*, 924 F.2d 1492, 1497 (9th Cir. 1991) ("[U]nder the EAJA, the prevailing party is automatically entitled to attorney's fees for any fee litigation once the

district court has made a determination that the government's position lacks substantial justification."); *Brown v. Sullivan*, 916 F.2d 492, 497 (9th Cir. 1990) ("The district court may award attorney fees at market rates for the entire course of litigation, including time spent preparing, defending, and appealing the two awards of attorney fees . . . .").

Here, as the prevailing party, Plaintiff is entitled to recover attorney fees related to litigation over EAJA fees. The Court finds that Plaintiff's request for fees corresponding to 4.9 hours spent on the Reply is not unreasonable. *See Wilson v. Astrue*, No. CV 10-03217-JEM, 2011 WL 4964813, at *4 (C.D. Cal. Oct. 19, 2011) (awarding fees for 6.5 hours spent on an EAJA fees petition and reply); *Knowles v. Colvin*, No. 1:14-CV-01657-SKO, 2016 WL 3407594, at *1, *4 (E.D. Cal. June 20, 2016) (awarding fees for 4 hours spent on an EAJA fees reply brief); *Nayab v. Astrue*, No. 07-CV-0733 JM-WMC, 2008 WL 4748172, at *3 (S.D. Cal. Oct. 28, 2008) (awarding fees for 4 hours spent on an EAJA fees reply brief, despite the absence of a declaration or other documentation). Moreover, after combining the additional hours spent on the Reply with the hours reported in Plaintiff's initial fees request, the Court finds that the overall total of 28 hours of attorney time is not unreasonable. *See Costa*, 690 F.3d at 1136. Accordingly, Plaintiff is entitled to $964.27 in attorney fees related to filing her Reply.

Plaintiff also requests costs of $400, the amount of the filing fee for her Complaint. (Mot. at 2, 7.) EAJA permits the award of costs, including filing fees. *See* 28 U.S.C. § 2412(a)(1); 28 U.S.C. § 1920. Accordingly, Plaintiff is entitled to $400 in costs.

Plaintiff thus is entitled under EAJA to an award of attorney fees and costs in the amount of $5,835.32.

///

///

///

10

### C. Payment Of Attorney Fees May Be Subject To Offset For Debts Owed To The Government By Plaintiff

If the Court awards EAJA fees to Plaintiff, the Commissioner requests that the award be subject to offset for government debts owed by Plaintiff pursuant to the United States Department of the Treasury's Offset Program, and that the government be permitted to consider whether any such debts are owed before the government pays any fees to Plaintiff's attorney pursuant to any agreement assigning those fees to Plaintiff's attorney. (Opp'n at 6.) Plaintiff does not challenge the Commissioner's request. (*See* Mot. at 2, 7; *see generally* Reply.)

The Court agrees with the Commissioner that any EAJA fee award made to Plaintiff is subject to offset for relevant government debts owed by Plaintiff. *See Astrue v. Ratliff*, 560 U.S. 586, 591-92, 597-98, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010). However, this does not prevent the Plaintiff from assigning an attorney fee award to her attorney, or the government from making payment (subject to any offset) directly to Plaintiff's attorney in the event of such an assignment. Indeed, courts in this District commonly accommodate such arrangements by ordering payment of EAJA fee awards directly to prevailing plaintiffs' attorneys. *See, e.g.*, *Griffin*, 2016 WL 845254, at *6; *Hill*, 2016 WL 868148, at *2; *Mang v. Colvin*, No. SACV 14-904-KK, 2015 WL 5470339, at *2-3 (C.D. Cal. Sept. 17, 2015); *Nichols*, 2014 WL 527220, at *2-3; *Cunningham v. Colvin*, No. CV 13-1094-E, 2014 WL 3737957, at *5-6 (C.D. Cal. July 29, 2014); *Nicholas v. Colvin*, No. CV 12-2124-JPR, 2013 WL 6817653, at *3-4 (C.D. Cal. Dec. 26, 2013); *Ramirez v. Colvin*, No. CV 12-5308 RNB, 2013 WL 4039066, at *4-5 (C.D. Cal. Aug. 6, 2013).

Here, however, no assignment agreement between Plaintiff and Plaintiff's attorney has been brought to the attention of the Court, and Plaintiff states that any award of fees should be made payable to Plaintiff. (*See* Mot. at 2.) Therefore, if Plaintiff or Plaintiff's attorney desires that payment be made directly to Plaintiff's

attorney following consideration by the government of Plaintiff's debts, Plaintiff or Plaintiff's attorney must first provide to the Commissioner such an assignment agreement. In the absence of any such evidence, the Commissioner should pay the EAJA fees awarded, subject to any offset for relevant debts owed by Plaintiff, directly to Plaintiff.

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff shall be awarded fees and costs under EAJA in the amount of $5,835.32, subject to offset if Plaintiff has relevant federal debts. This award is without prejudice to the rights of Plaintiff's counsel seeking attorney's fees under 42 U.S.C. § 406, subject to the provisions of EAJA.

DATED: April 30, 2018

/s/
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE